IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANTON LLP § § *Plaintiff* § § v. § § ARGONAUT INSURANCE COMPANY § § *Defendant* § | | CIVIL ACTION NO. 3:22-CV-1636 |

### DEFENDANT ARGONAUT INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Argonaut Insurance Company files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support, Argonaut respectfully shows the following:

**I.   Background Facts**

This is an insurance coverage action filed by Stanton, LLP regarding an insurance claim made under a professional liability insurance policy. Ex. C, Original Pet. ¶¶ 10-14. Plaintiff filed suit against Argonaut in the 101st Judicial District Court of Dallas County, Texas for breach of contract, violation of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, and violation of the common law duty of good faith and fair dealing. *Id.* §¶¶ 15-30. Stanton seeks damages between $250,000 and $1 million. *Id.* ¶ 6.

**II.   Removal is Timely**

Stanton filed its Original Petition on June 10, 2022 and served Argonaut on June 27, 2022. Argonaut files this Notice of Removal within 30 days of service of process; therefore, this Notice of Removal is timely pursuant to Section 1446(b).

### III.    There is Complete Diversity Between the Parties

Removal is proper under Section 1332(a)(1) because there is currently complete diversity of citizenship between Stanton, the only Plaintiff, and Argonaut, the only Defendant. The citizenship of a limited partnership is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden*, 494 U.S. at 195-96). Stanton is a limited liability partnership whose general partners are natural persons who resides in Texas; therefore, for purposes of diversity jurisdiction, Stanton is a resident of Texas.

A corporation is a resident of the state in which it is incorporated and the state of its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Argonaut is a citizen of Illinois, because it is an insurance company incorporated under the laws of Illinois, and its corporate headquarters and principal place of business is located at 225 West Washington Street, 24th Floor, Chicago, Illinois 60606. *See* Ex. G, Argonaut Insurance Company information page from Illinois Department of Insurance.[1]

### IV.    The Amount in Controversy Exceeds $75,000

In addition to complete diversity among the parties, the amount in controversy must exceed $75,000 in order for a federal court to exercise diversity jurisdiction. 28 U.S.C. § 1332. Removal is proper when the amount in controversy pleaded on the face of the petition exceeds $75,000. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir.2009). Stanton pleads that it seeks more than between $250,000 and $1 million in damages. Original Pet. ¶ 546 Therefore, the amount in controversy exceeds the required $75,000.

---

[1] (available at
https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=82100&s=Active&t=INS)

## V. Venue is Proper

Venue in this district is proper in the United States District Court for the Northern District of Texas, Dallas Division, because this division encompasses Dallas County, Texas and is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 124(b)(2), 1446(a).

## VI. The Removal is Procedurally Correct

Pursuant to Section 1446(a), the Plaintiff's Original Petition and the Citations are attached. Pursuant to Section 1446(d), written notice of the filing will be given to Plaintiff promptly after Argonaut files this Notice of Removal, and a true copy will be filed with the Dallas County District Clerk, the state court from which this action was removed.

Pursuant to this Court's Local Rule 81.1, the following are attached to this Notice of Removal:

| Ex. A | Index to Notice of Removal |
|---|---|
| Ex. B | State court docket sheet |
| Ex. C | Plaintiff's Original Petition |
| Ex. D | Argonaut's Original Answer |
| Ex. E | State court citation and return of service |
| Ex. F | Other documents filed in the state court matter |
| Ex. G | Argonaut Insurance Company information page from Illinois Department of Insurance (available at https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=82100&s=Active&t=INS) |

Colony has included a civil cover sheet and supplemental cover sheet. And, finally, Colony has also filed its certificate of interested parties in accordance with Local Rule 3.1(c).

## VII. Relief Requested

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists between Plaintiff and Argonaut. This Court has jurisdiction over this action pursuant to Section 1332. Accordingly, the action is properly removed pursuant to Section 1441.

Argonaut respectfully prays that this Court assume jurisdiction of this lawsuit, issue all such further orders and processes as may be necessary, and for any further relief to which Argonaut may be entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR DEFENDANT**
**ARGONAUT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I served the foregoing document in accordance with the Federal Rules of Civil Procedure.

*/s/ Stephen A. Melendi*
Stephen A. Melendi