# EXHIBIT C



null / ALL<br>
**Transmittal Number: 25132506**<br>
**Date Processed: 06/28/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Audrey Richards<br>Argo Group US, Inc.<br>175 E Houston St<br>Ste 1300<br>San Antonio, TX 78205-2265 |
| **Electronic copy provided to:** | Heather Gmyrek<br>Esequiel Contreras |

| | |
|---|---|
| **Entity:** | Argonaut Insurance Company<br>Entity ID Number  3655975 |
| **Entity Served:** | Argonaut Insurance Company |
| **Title of Action:** | Stanton LLP vs. Argonaut Insurance Company |
| **Matter Name/ID:** | Stanton LLP vs. Argonaut Insurance Company (12495436) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-22-06345 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/28/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Koning Rubarts LLP<br>214-751-7900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To:** **ARGONAUT INSURANCE COMPANY**
**SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH ST STE 620**
**AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you. In addition to filing a written answer with the clerk, you may be required to
make initial disclosures to the other parties of this suit. These disclosures generally must be made
no later than 30 days after you file your answer with the clerk.  Find out more at
TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at
600 Commerce Street, Dallas, Texas 75202.

  Said Plaintiff being **STANTON LLP**

Filed in said Court  **10th day of June, 2022** against

**ARGONAUT INSURANCE COMPANY**

For Suit, said suit being numbered **DC-22-06345,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 24th day of June, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Kari Malone_, Deputy
**KARI MALONE**

---

**ESERVE**

# CITATION

---

**No.: DC-22-06345**

---

**STANTON LLP**
**vs. ARGONAUT INSURANCE COMPANY**

---

**ISSUED**
**on this the 24th day of June, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

---

**Attorney for Plaintiff**
**BOBBY M RUBARTS**
**KONING RUBARTS LLP**
**1700 PACIFIC AVENUE STE 4500**
**DALLAS TX  75201**
**214-751-7900 x7902**
**bobby.rubarts@koningrubarts.com**
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



Delivered on:
6 | 28 | 2022
By: VS  PSC# 12617

**OFFICER'S RETURN**

Cause No. DC-22-06345

Court No.: 101st District Court

Style: STANTON LLP
 vs. ARGONAUT INSURANCE COMPANY

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____.M. on the _____ day of _____, 20_____, by              delivering              to              the              within              named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County,_____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65749206
Status as of 6/24/2022 11:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bobby MarkRubarts | | bobby.rubarts@koningrubarts.com | 6/24/2022 11:02:12 AM | SENT |

FILED
6/10/2022 3:36 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-22-06345

CAUSE NO. _____

| | | |
|---|---|---|
| STANTON LLP | § | IN DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| ARGONAUT INSURNACE | § | |
| COMPANY | § | 101st |
| | § | |
| **Defendant.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff Stanton LLP ("Stanton" or "Plaintiff") complains of Defendant Argonaut Insurance Company ("Argonaut," "Defendant," or the "Insurer") for the following reasons:

### I.    DISCOVERY LEVEL

1.    Discovery will be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.    THE PARTIES

2.    Stanton is a domestic limited liability partnership with its principal place of business in Dallas County, Texas.

3.    Argonaut's principal place of business is in San Antonio, Texas and is therefore considered a citizen of this State.  It may be served with process by serving its registered agent as follows: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701.

### III.    JURISDICTION AND VENUE AND RULE 47 STATEMENT

4.    This Court has jurisdiction of this dispute because the amount in controversy exceeds its minimum jurisdictional limits.

5.    Among other reasons, venue is proper in Dallas County, Texas pursuant, to Tex. Civ. Prac. & Rem. Code § 15.002 because all or a part of the causes of action accrued here.

6.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00 currently; however, its damages continue to accrue daily.

## IV.    **BACKGROUND**

A.    Stanton's Reputation for Excellence and its Unwavering Commitment to its Clients—

7.    Stanton is one of the preeminent corporate litigation law firms in the State of Texas.  Stanton focuses on its clients' businesses and crafts litigation strategies in alignment with its clients' corporate values and objectives.  Stanton's agility, creativity, and velocity have earned it a reputation for rescuing difficult cases and delivering results.  Stanton's bedrock, core values include its commitment to fulfilling its fiduciary duties to its clients, including preserving the attorney-client privilege and protecting its clients' confidential information, without regard to any hardship such an unwavering commitment may cause the firm.

B.    The Argonaut Insurance Policy, the Improper Demand, and Stanton's Notice of a Potential Claim—

8.    In October 2019, glendonTodd Capital, LLC ("GTC") improperly demanded that Stanton violate its confidentiality obligations to its clients or face a lawsuit (the "Potential Claim").  Consistent with its values, Stanton put its clients' interests first and rejected GTC's demand.

9.    Effective March 18, 2019 through March 18, 2020, Argonaut had agreed to provide Stanton with professional liability coverage in accordance with the terms of Policy No. 121 LPL 0000414-01 (the "Policy").  According to the terms of the Policy, Stanton provided written notice of the Potential Claim to Argonaut.  Argonaut acknowledged receipt of the notice on October 21, 2019.

C.     GTC's Lawsuit and Stanton's Request for a Defense—

       10.     On April 13, 2020, the Potential Claim became a claim under the Policy when
GTC filed a lawsuit against Stanton in the 160th Judicial District Court of Dallas County (the
"Lawsuit").   Stanton timely and properly notified Argonaut of the Lawsuit, provided it with a
copy of the petition, and requested a defense (the "Insurance Claim").   According to the terms of
the Policy and applicable law, among other duties, Argonaut owed Stanton the duty to defend it
in the Lawsuit.

       11.     Argonaut represented to Stanton that it was commencing an appropriate
investigation but did not timely appoint counsel to defend Stanton prior to the date by which
Stanton was required to file an answer in the Lawsuit.   Accordingly, Stanton had no alternative
other than to retain counsel itself to defend it.   Stanton prudently chose Lynn Pinker, which
clearly was qualified and competent defense counsel, perfectly suitable to defend the Lawsuit.

D.     Argonaut's Unlawful Adjustment of the Insurance Claim—

       12.     From April 2020 through October 2020, Argonaut communicated with Stanton on
numerous occasions, claiming that it was continuing to conduct an appropriate investigation
under the Policy and applicable law.   Stanton trusted that Argonaut would eventually complete
its investigation and provide a defense as required by the Policy.   Argonaut was aware that Lynn
Pinker was defending Stanton in the Lawsuit and never objected to or questioned the
representation.   During this time, Stanton incurred substantial out-of-pocket defense costs in the
Lawsuit that Argonaut should have been paying.

       13.     On October 15, 2020 Stanton wrote to Argonaut's adjuster, asking Argonaut to
state unequivocally whether it would provide a defense.   Stanton also asked Argonaut to explain
why, despite having been promptly provided all requested information by Stanton, Argonaut had
nonetheless refused to either accept or reject coverage.   Stanton further advised Argonaut that,

because of Argonaut's refusal to assume the defense, it already had been forced to incur defense costs exceeding $125,000.00 in the Lawsuit.

14.     Finally, on December 16, 2020, Argonaut provided correspondence to Stanton, which it entitled "Reservation of Rights" (the "ROR").  In the ROR, Argonaut agreed to provide Stanton a defense in the Lawsuit and consented to Lynn Pinker serving as its defense counsel. Argonaut represented that it would pay Lynn Pinker's invoices going forward, purportedly at a reduced rate.  Further, Argonaut represented that it was reviewing Lynn Pinker's invoices and would notify Stanton soon how much it would pay for the Defense Costs Stanton had incurred to date.  Both statements were material misrepresentations:  Argonaut never paid any of Lynn Pinker's going forward defense costs—at a reduced rate or otherwise—or notified Stanton as to the amount of the pre-December 16, 2020 Defense Costs it would reimburse Stanton.

### V.     CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT BY ARGONAUT

15.     Argonaut failed to defend Stanton in the Lawsuit.  Argonaut's failure to do so constitutes a breach contract, resulting in damages to Stanton for which it now sues.

16.     All conditions precedent to assert this claim have been performed by Stanton, have occurred, or have been excused.

### COUNT II
### THE INSURER'S VIOLATIONS OF TEX. INS. CODE CHAPTER 541

17.     By engaging in the conduct described above, the Insurer not only has breached its contractual obligations to Stanton, but has violated § 541.060 of the Texas Insurance Code as follows:

a.     misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

      b.     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

      c.     refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

18.     The Insurer committed this wrongful conduct knowingly. Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action and has sustained actual damages resulting from this conduct for which it now sues.

19.     By engaging in the conduct described above, the Insurer also violated § 541.061 of the Texas Insurance Code as follows:

      a.     making an untrue statement of material fact;

      b.     failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

      c.     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

      d.     making a material misstatement of law.

20.     The Insurer committed this wrongful conduct knowingly. Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action and has sustained actual damages resulting from this conduct for which it now sues.

## COUNT III
## THE INSURER'S VIOLATIONS OF TEX. INS. CODE CHAPTER 542

21.     The Insurer's conduct also violated § 542.003 of the Texas Insurance Code as follows: a) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue; b) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and c) compelling a policyholder to institute a suit to recover an amount due under a policy by

offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

22.     The Insurer committed this wrongful conduct knowingly.  Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action and has sustained actual damages resulting from this conduct for which it now sues.

23.     Additionally, the Insurer's delay and conduct associated with handling the Insurance Claim violated the Section 542.058 of the Texas Insurance Code as follows:

> Delay[ing] payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days after receiving all items, statements, and forms reasonably requested and required under Section 542.055.

**COUNT IV**
**PLAINTIFF'S INVOCATION OF ITS RIGHTS UNDER**
**TEX. INS. CODE §§ 541.152, 542.058, AND 542.060**

24.     Pursuant to Texas law, and for the reasons described in this petition, Plaintiff seeks to recover a) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees; b) additional damages in an amount three times the amount of actual damages, all as provided in § 541.152 of the Texas Insurance Code; and c) any other relief the court deems proper.

25.     Additionally, Plaintiff invokes its rights under § 542.058 of the Texas Insurance Code to recover the penalties set forth in § 542.060, including 18% interest and attorneys' fees.

26.     The Insurer committed this wrongful conduct knowingly.  Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action and has sustained actual damages resulting from this conduct for which it now sues.

## COUNT V
## TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

27.     For the reasons set forth above, the Insurer has violated § 17.46(b)(12) of the Texas Business & Commerce Code and under § 17.50(a)(4) of the Texas Business & Commerce Code because their conduct violated Chapters 541 and 542 of the Texas Insurance Code, as outlined above.  Additionally, the Insurer's unlawful acts were an unconscionable action or course of action under § 17.50(a)(3) of the Texas Business & Commerce Code because it attempted to take advantage of Stanton's lack of insurance coverage knowledge, ability, experience, and/or capacity with respect to interpreting the Policy and determining Stanton's rights under it to a grossly unfair degree.  The resulting unfairness to Stanton glaringly is noticeable, flagrant, complete, and unmitigated.

28.     The Insurer's wrongful conduct was intentional, knowing, and a producing cause of damages to Plaintiff, which is entitled, therefore, to all the relief contained within the DTPA, including, but not limited to, economic damages, attorneys' fees, interest, costs, and treble damages, for which it now sues.

29.     Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action and has sustained actual damages resulting from this conduct for which it now sues.

## COUNT VI
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING BY THE INSURER

30.     The Insurer owed Plaintiff a duty of good faith and fair dealing, which required it to (1) perform its duties and obligations under the Policy in a reasonable and timely manner, and (2) properly handle the Insurance Claim.  The Insurer's actions described above were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights under the Policy. Additionally, the Insurer's conduct described herein was malicious, fraudulent, or grossly negligent.  As a result, Plaintiff has suffered economic damages in an amount to be determined

by the trier of fact.  Plaintiff has fulfilled all conditions precedent to its recovery under this cause of action and has sustained actual damages resulting from this conduct for which it now sues.

## COUNT VII
## ATTORNEYS' FEES AND COSTS

31.     Pursuant to applicable law, including but not limited to Tex. Civ. Prac. & Rem. Code § 38.001, the Insurance Code and the DTPA, Plaintiff hereby sues the Insurer for costs of court, and reasonable and necessary attorneys' fees.   Plaintiff has fulfilled all conditions precedent to recovery of its fees and costs, including but not limited to presentment.

## COUNT VIII
## ADDITIONAL AND EXEMPLARY DAMAGES

32.     Further, Plaintiff seeks exemplary damages against the Insurer because its wrongful conduct was undertaken with a state of mind that justifies the imposition of exemplary damages.  Plaintiff is entitled to additional damages under the Insurance Code and DTPA, as well, and hereby sues for such damages.

## VI.     JURY DEMAND

33.     As is its right under the constitutions and laws of the United States of America and this State, Plaintiff hereby respectfully requests a trial by jury.

WHEREFORE, Stanton respectfully requests that it have judgment against Defendant, consistent with its allegations in this Petition, and that it recovers its costs, attorneys' fees, pre- and post-judgment interest, special damages, penalties and/or exemplary damages, and such other and further relief at law or in equity to which it may be entitled.

Respectfully submitted,


/s/ Bobby M. Rubarts
Bobby M. Rubarts
State Bar No. 17360330
bobby.rubarts@koningrubarts.com
Eve L. Henson
State Bar No. 00791462
eve.henson@koningrubarts.com

KONING RUBARTS LLP
1700 Pacific Avenue, Suite 4500
Dallas, Texas  75201
Telephone:  (214) 751-7900
Facsimile:  (214) 751-7888
**ATTORNEYS FOR STANTON LLP**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maria Razo on behalf of Bobby Rubarts
Bar No. 17360330
maria.razo@koningrubarts.com
Envelope ID: 65343437
Status as of 6/16/2022 10:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bobby MarkRubarts | | bobby.rubarts@koningrubarts.com | 6/10/2022 3:36:14 PM | SENT |
| Maria Razo | | maria.razo@koningrubarts.com | 6/10/2022 3:36:14 PM | SENT |
| Eve Henson | | eve.henson@koningrubarts.com | 6/10/2022 3:36:14 PM | SENT |